1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY A. BAILEY,

               Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

               Defendants.

Case No. C22-5937-TL-MLP

REPORT AND RECOMMENDATION

## I.     INTRODUCTION AND SUMMARY CONCLUSION

      This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. This matter is now before the Court for the purpose of screening Plaintiff's amended prisoner civil rights complaint. The Court, having reviewed Plaintiff's amended pleading, and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

REPORT AND RECOMMENDATION
PAGE - 1

## II.    BACKGROUND

Plaintiff Jeffery Bailey is a pretrial detainee at the Thurston County Jail where he is awaiting disposition of a charge of violating a no-contact order ("NCO") that was entered in February 2018 in a prior Thurston County Superior Court criminal action. (*See* dkt. # 5 at 4-8; dkt. # 7 at 2.) On November 30, 2022, Plaintiff submitted a civil rights complaint to this Court for filing in which he alleged that he had been denied his right to a fair trial and his right to due process because the NCO entered in his prior criminal action, Thurston County Superior Court case number 17-1-00711-34, had been forged. (*See* dkt. # 1; dkt. # 5 at 4-8.) The claimed forgery relates to the fact that neither the prosecutor nor the public defender whose names appear on the NCO were in the courtroom on the date the NCO was purportedly signed by them. (*See* dkt. # 5 at 4-8.) Plaintiff maintained that both the NCO and the judgment and sentence entered in case 17-1-00711-34 were supposed to be signed and dated on February 1, 2018, in open court and in his presence, but that this did not occur with respect to the NCO. (*See id*.)

Plaintiff went on to assert in his complaint that following entry of the NCO in 2018, he was charged on two occasions with violating the allegedly forged NCO. (*See* dkt. # 5 at 4-8.) Plaintiff cited to a Thurston County Superior Court criminal case filed in 2021 (case number 21-1-00290-34), and indicated that he entered a guilty plea to violating the 2018 NCO in that case in February 2022 and served eight months in jail. (*See id*. at 5, 8.) Plaintiff also cited to a Thurston County Superior Court criminal case filed in 2022 (case number 22-1-00698-34), which apparently remains pending at this time. (*See id*.) Plaintiff claimed that because of the forged NCO, he had lost the privilege of seeing family members and had suffered "mental damages." (*Id*. at 6, 8.)

REPORT AND RECOMMENDATION
PAGE - 2

Plaintiff listed as Defendants in his complaint an unidentified Washington State prosecuting attorney and an unidentified Thurston County prosecuting attorney. (*See* dkt. # 5 at 3.) Plaintiff requested relief in the form of damages. (*Id*. at 10.) Plaintiff also requested that his current and past charges for violating the NCO be dismissed. (*Id*.)

After reviewing the complaint, this Court concluded that Plaintiff had not adequately stated any claim upon which relief could be granted. Thus, on January 4, 2023, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. # 6.) The Court identified therein a number of deficiencies that precluded the action from moving forward. (*See id*.)

The Court first observed that it was unclear whether Plaintiff intended to claim that the two unidentified prosecuting attorneys had violated his rights by participating in the alleged forgery of the NCO, or by bringing subsequent charges against him based on what he appeared to believe was an invalid NCO. (Dkt. # 6 at 4.) The Court explained that, to the extent Plaintiff intended to claim the unidentified prosecutors violated his rights by filing charges against him based on the allegedly invalid NCO, the prosecutors were entitled to absolute immunity. (*See id*. at 4-5.) The Court further explained that, to the extent Plaintiff intended to present a direct challenge to the NCO, assuming he had a viable cause of action related to the execution of that document, any such challenge would be barred by the three-year statute of limitations applicable to claims brought under § 1983. (*Id*. at 5-6.)

The Court went on to note that any claims pertaining to Plaintiff's ongoing criminal proceedings were barred at present in accordance with the *Younger* abstention doctrine. (Dkt. # 6 at 6.) Finally, the Court noted that, to the extent Plaintiff intended to challenge his conviction in his 2021 Thurston County Superior Court criminal case on the grounds that the NCO was

REPORT AND RECOMMENDATION
PAGE - 3

1    fraudulent and therefore invalid, he had not stated a cognizable claim for relief because claims

2    related to that conviction were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See id*. at

3    6-7.)

4        Plaintiff filed an amended complaint on January 17, 2023. (Dkt. # 7.) Plaintiff identifies a

5    single claim for relief in his amended pleading, namely that he was denied a fair trial by

6    Thurston County deputy prosecuting attorney Jennifer Lord, whom he claims forged the NCO

7    entered in Thurston County case number 17-1-00711-34 on February 1, 2018, the date Plaintiff

8    appeared for sentencing in that matter. (*Id*. at 4-5.) Once again, Plaintiff bases his forgery claim

9    on the fact that neither Ms. Lord nor Christian Cabrera, the public defender who also signed the

10   NCO, was present the date the NCO was purportedly signed. (*Id*.) Plaintiff asserts that the NCO

11   was supposed to be signed and dated in open court with him present, but it was not. (*Id*. at 5.)

12   According to Plaintiff, he discovered the alleged forgery in July 2022 when he was served with a

13   copy of the judgment and sentence entered in case 17-1-00711-34, compared the signatures on

14   that document with the signatures on the NCO, and discovered the signatures were not the same.

15   (*Id*.)

16       Plaintiff asserts that, as a result of Ms. Lord's alleged forgery of the NCO, he is no longer

17   able to speak to his father, which has caused him mental anguish. (Dkt. # 7 at 5.) He further

18   asserts that because of the NCO, he can no longer return to the home where he was living with

19   his parents, and has therefore become homeless. (*Id*. at 8.) Plaintiff claims that living on the

20   streets has caused his mental health to decline dramatically. (*Id*.)

21       Plaintiff identifies Jennifer Lord as the lone Defendant in his amended complaint. (*See*

22   dkt. # 7 at 3.) Plaintiff requests monetary damages in the amount of $5 million. (*Id*. at 12.)

23

REPORT AND RECOMMENDATION
PAGE - 4

## III.    DISCUSSION

### A.    Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in

another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**B.    Analysis**

As noted above, Plaintiff asserts in his amended complaint that Ms. Lord denied him his right to a fair trial when she allegedly forged the NCO entered in his 2017 Thurston County Superior Court criminal action. Plaintiff does not identify in his amended pleading which of his criminal proceedings he believes was rendered unfair by Ms. Lord's alleged misconduct. However, the gravamen of Plaintiff's claim appears to assert that because the NCO was not properly executed, it is invalid. (*See* dkt. # 7 at 4-5.)

Plaintiff is currently charged with violating the NCO and is awaiting disposition of that charge in Thurston County Superior Court. Permitting Plaintiff to challenge the validity of the NCO in this civil proceeding, regardless of which of his various criminal proceedings involving the NCO he may intend to challenge here, would necessarily require this Court to become involved in Plaintiff's ongoing criminal case. As this Court previously explained, the federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980).

REPORT AND RECOMMENDATION
PAGE - 6

The *Younger* abstention doctrine requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

All of the *Younger* criteria are satisfied here. Plaintiff's state court proceedings are ongoing, those proceedings involve a criminal prosecution that implicates important state interests, there is nothing to indicate that Plaintiff cannot raise in his criminal case the same challenge to the NCO he raises here, and granting relief in this action would have the practical effect of enjoining the ongoing state judicial proceeding. It therefore appears that this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state a viable claim for relief. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

REPORT AND RECOMMENDATION
PAGE - 7

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 17, 2023**.

DATED this 22nd day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8